# Exhibit A-1

## Allegheny County Department Of Court Records

### Civil/Family Division Docket Report

**Run Date and Time: 11/14/2018 - 12:14:11**

| GD-18-012895 | | Aronson vs National Gas & Electric LLC |
|---|---|---|
| Filing Date: | 10/6/2018 | Case Type: | Other Tort |
| Related Cases: | | Court Type: | General Docket |
| Consolidated Cases: | | Current Status: | Second Amended Complaint |
| Judge: | No Judge | Jury Requested: | N |
| Amount In Dispute: | $ 0 | | |

--Parties--

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|---|---|---|---|---|---|---|
| Aronson | Mark | B | Plaintiff | 2525 Greensburg Pike Pittsburgh PA 15221 | -- | -- |
| National Gas & Electric LLC | | | Defendant | 12140 Wickchester Lane Suite 100 Houston TX 77009 | -- | -- |

--Attorney--

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| Pro Se | | | Attorney | | -- |

--Non Litigants--

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| No Litigants Found | | | | | |

--Docket Entries--

| Filing Date | Docket Type | Docket Text | Filing Party |
|---|---|---|---|
| 10/31/2018 | Second Amended Complaint | | Mark Aronson B |
| 10/31/2018 | Verification of Service | Of (Request for Production of Documents) upon (Defendant) on 11/01/18. | Mark Aronson B |
| 10/31/2018 | Verification of Service | Of (Second Amended Complaint) upon (Defendant) on 11/01/18. | Mark Aronson B |
| 10/31/2018 | Request for Production of Documents | | Mark Aronson B |
| 10/31/2018 | Verification of Service | Of (Amended Complaint) upon (Defendant) on 11/01/18. | Mark Aronson B |
| 10/31/2018 | Amended Complaint | | Mark Aronson B |
| 10/21/2018 | Verification of Service | Of (Writ of Summons and Complaint) upon (Defendant) on 10/15/18. | Mark Aronson B |
| 10/10/2018 | Complaint | | Mark Aronson B |
| 10/6/2018 | Praecipe for Writ of Summons | | Mark Aronson B |

--Judgments Against--

| Name | Amount | Satisfied(Y,N) |
|---|---|---|
| No Judgments Found | | |

--Events Schedule--

| Event Scheduled | Event Date & Time | Room Number | Judge/Hearing Officer |
|---|---|---|---|
| No Information Found | | | |

# Exhibit A-2

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

MARK B. ARONSON,                          CIVIL DIVISION
                                          GENERAL DOCKET

     Plaintiff,
                                          Civil Action No. GD 18-

     vs.

NATIONAL GAS & ELECTRIC, LLC,

     Defendant.                          PRAECIPE FOR WRIT OF SUMMONS
                                          IN CIVIL ACTION

                                          Filed PROSE by

                                          Mark B. Aronson
                                          2525 Greensburg Pike
                                          Pittsburgh, PA 15221
                                          412 243-2224

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MARK B. ARONSON, | : CIVIL DIVISION |
| | : GENERAL DOCKET |
| Plaintiff. | : |
| | : |
| | : Civil Action No. GD 18- |
| vs | : |
| | : |
| NATIONAL GAS & ELECTRIC, LLC, | : |
| | : |
| Defendant. | : |

PRAECIPE FOR WRIT OF SUMMONS IN CIVIL ACTION

To Hon. Michael McGeever, Director
        Office of Court Records:

Please issue a writ of summons in civil action in the above captioned matter.

The address of the Defendant is 12140 Wickchester Lane, Suite 100, Houston, TX 77009.

Respectfully submitted,

Mark B. Aronson
Plaintiff PROSE

# Exhibit A-3

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

MARK B. ARONSON,

       Plaintiff,

       vs.

NATIONAL GAS & ELECTRIC, LLC,

       Defendant.

CIVIL DIVISION
GENERAL DOCKET

Civil Action No. GD 18-012895


COMPLAINT IN CIVIL ACTION

Filed PROSE by

Mark B. Aronson
2525 Greensburg Pike
Pittsburgh, PA 15221
412 243-2224

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MARK B. ARONSON, | : CIVIL DIVISION |
| | : GENERAL DOCKET |
| Plaintiff. | : |
| | : |
| | : Civil Action No. GD 18- |
| vs | : 012895 |
| | : |
| NATIONAL GAS & ELECTRIC, LLC, | : |
| | : |
| Defendant. | : |

NOTICE TO DEFEND

You have been sued in court. If you wish to defend the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

LAWYER REFERRAL SERVICE
The Allegheny County Bar Association,
11th Floor Koppers Building
436 Seventh Avenue,
Pittsburgh, PA 15219
Telephone: (412) 261-5555

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MARK B. ARONSON, | : CIVIL DIVISION |
| | : GENERAL DOCKET |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : Civil Action No. GD 18- |
| | |
| | : 012895 |
| | : |
| NATIONAL GAS & ELECTRIC, LLC, | : |
| | : |
| Defendant. | : |

COMPLAINT IN CIVIL ACTION

1. At all times material, Plaintiff was and is a resident of Allegheny County, Pennsylvania, and a residential customer of Duquesne Light Company at his condominium unit located at 2525 Greensburg Pike,  Borough of Churchill,  Pittsburgh, Pennsylvania 15221.

2. At all times material, Defendant was and is a registered, certified supplier of electric energy within the Commonwealth of Pennsylvania.

3. Defendant's offices are located in Houston, Texas 77009 at 12140 Wickchester Lane, Suite 100.

4. At all times material, Defendant solicits prospective subscribers in the Greater Pittsburgh area for its electric service by

telemarketing.

5. At all times material, Plaintiff subscribed from Verizon for two residential telephone lines, one of which was a dedicated facsimile line.

6. Plaintiff's residential telephone numbers are 412-243-2224 and 412-371-9787.

7. The subject matter of this Complaint in Civil Action is three pre-recorded unsolicited commercial telemarketing telephone calls placed to and received at Plaintiff's residential lines [i.e. the first received at 412-371-9787 at 5:57 P.M. on October 3, 2018 from spoofed telephone number 412-371-1932,  the second received at 412-371-9787 at 1:35 P.M. on October 4, 2018 from spoofed telephone number 412-371-6504   and the third received at 412-243-2224 at 6:54 P.M. on October 4, 2018 from spoofed telephone number 412-206-4905].

8. These prerecord telephone calls were initiated by or upon behalf of Defendant intentionally, willfully and knowingly, for the purpose of soliciting Plaintiff to subscribe for residential electric service supplied by Defendant.

9. Each call was initiated to Plaintiff's residential telephone in violation of the federal Telephone Consumer Protection Act as amended, as is more fully discussed below.

4

10.As a result of Plaintiff's experiences with Defendant as set forth above, Plaintiff believes and avers that it is the practice of Defendant to ascertain during but before the end of each telemarketing call initiated by or upon its behalf, whether the party solicited by or upon behalf of Defendant qualifies to purchase electricity supplied by Defendant, and if the called party qualifies and so desires to become a customer of Defendant, to have a return telephone call placed from Defendant's telephone number [as per Plaintiff's telephone Caller-ID] "SAYRE 570-731-0236."

11.During the third prerecorded call to Plaintiff's residence, he expressed an interest in subscribing for electric energy to be supplied by Defendant to his residence.

12.He was provided with verification number 003194593; he received a return call from Defendant at 7:27PM that evening.

13.Plaintiff applied for an account and was told that an account would be set up for him with the information to be mailed to him.

14.Plaintiff stated that he was going to be heading out of town and requested the account registration documentation to be emailed to him to his email address mellon99@aol.com.

15.On October 5, 2018 at 11:32 A.M. Eastern Standard Time, he

received an email at his email address mellon99@aol.com from

NG&E-Web-Enroll@NG&E.com providing among other things

"Confirmation #: 211089" and including the terms of service.

16. Plaintiff reviewed the Disclolsure Statement and Terms of

Service and determined that he could not agree to them because

they required disputes to be decided by arbitration only, and

because he would not be permitted to participate in any class

action litigation.

17. Plaintiff telephoned Defendant's customer service department at

2:30 P.M. on October 5, 2018 and was transferred to an

individual who processed Plaintiff's cancellation and provided him

with a cancellation number.

18.  It is the _initiation itself_ of the prerecorded commercial telephone

solicitation call itself that violates the TCPA.

19.  The ringing of the recipient's residential telephone is sufficient

evidence that the offending call had been initiated, i.e. placed.

20.  The prerecorded commercial telephone call need

 not be answered at the recipient's residence.

21.   When a person receives a prerecorded commercial

solicitation from a telemarketer on his/her residential telephone,

the very instant that  he/she answers the telephone and hears

words at the other end of the line,  the TCPA and case law provide that the initiator of the call and his principal, agents, servants and employees, if relevant, each become liable to the Plaintiff for the payment of statutory damages for violating the TCPA.

22. If Defendant or its marketing agents recorded any of its prerecorded solicitations of Plaintiff, Defendant is requested to save the original audio media and any transcripts, so that Plaintiff can seek same in discovery.

23.  The applicable law pertaining to private civil actions that may be filed for violation of the  Regulations of the Federal Communication Commission resulting from a prerecorded  unsolicited commercial telemarketing call to a residential telephone line has been promulgated  under 47 USC 227(b) and these sections of the Regulations: 47 CFR 64.1200(b)(1), 47  CFR 64.1200(b)(2), 47 USC 227(b)(3), and 47 CFR  64.1601(e)(i).

24.  Each prerecorded incoming commercial telephone solicitation violated five sections of the TCPA in these particulars for the following reasons:

A. *Each call delivered a prerecorded message to Plaintiff residential telephone line using a prerecorded voice without Plaintiff's consent, in violation of 47 CFR 64.1200(a)(2):*

B. *Each call delivered a prerecorded message without providing sufficient information about the caller, in violation of 47 CFR 64.1200(b)(1);*

C. *Each call delivered a prerecorded message without providing a telephone number for the caller, in violation of 47 CFR 64.1200(b)(2);*

D. *Each call failed to provide caller identification information that could be used to place a do-not-call request, in violation of 47 CFR 64.1601(e)(i): and*

E. *Each* call violated the TCPA prohibition against the spoofing of the "initiating" telephone number.

25. Your Honorable Court has subject matter jurisdiction and personal jurisdiction over Defendant, as per the opinions issued in these two civil actions filed in Your Honorable Court pertaining to private actions filed for money

8

damages for alleged violations of the TCPA:

Aronson v. Fax.Com, Inc., 149 P.L.J. 157,

51 Pa.D.& C.4th 421 (2001) and Abramson v. Royal

Holidays, LLC. et al, Civil Action No. AR05-008412.

26.   Under the TCPA, Plaintiff' is entitled to be awarded

the sum of five hundred dollars for each violation contained in

each incoming call [see Charvat v. Ryan et al, 1568 Ohio App.

3d 778, 2006-Ohio-3705] and the TCPA authorizes Your

Honorable Court to treble the sum of five hundred dollars to

*fifteen hundred dollars per violation* when the call had been

willfully initiated. [See Aronson v. Florida Friendly Financial

Services, LLC, Civil Action AR09-011559 of record in Your

Honorable Court].

27.   There were 15 violations of the TCPA in the three above

referenced telemarketing telephone solicitations.

28.   Fifteen violations of the TCPA, each entitling Plaintiff to claim

and enabling Your Honorable Court to award statutory

damages  in the amount of fifteen hundred dollars, amounts to

$22,500.00.

WHEREFORE, Plaintiff demands judgment in his favor and

against Defendant in the amount of $22,500.00 [computed as

treble $500.00 (or $1,500.00) per violation of the TCPA in each of

the three telemarketing calls to Plaintiff's residential telephone

numbers as above described, which amount is in not in excess of

the monetary jurisdiction of the Arbitration Division of Your

Honorable Court, and he seeks reimbursement of court costs of

record pursuant to Local Rule 253 reproduced as the last page of

this document.

> Respectfully submitted,
>
> Mark B. Aronson, Plaintiff PROSE

**VERIFICATION**

**AND NOW this 13th day of October 2018 comes Mark B. Aronson, Plaintiff PROSE, pursuant to 18  PA C S Section 4904, and verifies to the best of his knowledge, information and belief that the facts set forth in the foregoing Complaint in Civil Action are true and correct.**

**s/ Mark B. Aronson**

LOCAL RULE 253 ON COSTS UPON SETTLEMENT

(1) Costs After Judgment.

Costs shall be taxed by the Prothonotary. Objections shall be presented to the Motions Judge or, if the case was tried, to the Trial Judge.

(2) Costs After Settlement.

In Civil Division cases, absent an agreement to the contrary at the time of a settlement requiring the payment of monetary damages, the paying party or parties shall reimburse the recipient the record costs incurred by that party.  Where there are multiple payors, the reimbursement of record costs shall be prorated.

# Exhibit A-4

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

MARK B. ARONSON,               CIVIL DIVISION
                                       GENERAL DOCKET

      Plaintiff,
                                       Civil Action No. GD 18-012895

      vs.

NATIONAL GAS & ELECTRIC, LLC,

      Defendant.                 TYPE OF PLEADING"
                                       Verification of Service on
                                       October 15, 2018


                                       Filed PROSE by

                                       Mark B. Aronson
                                       2525 Greensburg Pike
                                       Pittsburgh, PA 15221
                                       412 243-2224

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

MARK B. ARONSON,             : CIVIL DIVISION
                                   : GENERAL DOCKET
     Plaintiff.                 :
                                   :
                                   : Civil Action No. GD 18-
     vs                  : 012895
                                   :
NATIONAL GAS & ELECTRIC, LLC,   :
                                   :
     Defendant.              :

VERIFICATION OF SERVICE

AND NOW this 22nd day of October 2018 comes Mark B. Aronson, Plaintiff PROSE, who verifies to the best of his knowledge, information and belief and as is evidenced by the pages which follow that on October 15, 2018 he served duplicate originals of the Writ of Summons in Civil Action and his Complaint in Civil Action upon Defendant by certified mail. A duplicate original of the Writ of Summons in Civil Action is attached hereto.

s/ Mark B. Aronson

2

### MARK B. ARONSON
**2525 Greensburg Pike**
**Pittsburgh, Pennsylvania 15221**
Telephone Number 412-243-2224

October 13, 2018

Certified Mail   Return Receipt Requested
Article Number 7015 1660 0000 4892 2658

National Gas & Electric, LLC
12140 Wickchester Lane, Suite 100
Houston, Texas 77009

                          Re: Mark B. Aronson vs
                              National Gas & Electric,
                              LLC

                              Civil Action No.
                              GD18-012895

                              Court of Common Pleas of
                              Allegheny County, PA

Enclosed herein is a true and correct duplicate original of
the Writ of Summons in Civil Action and my Complaint in
Civil Action.

                         Sincerely,

                         Mark B. Aronson
                         Plaintiff
Enclosures

3



## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

HOUSTON, TX 77079

Certified Mail Fee  $3.45

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $ **$2.75**
☐ Return Receipt (electronic)       $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required          $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00

Postage  $0.92

Total Postage and Fees  $7.12

Sent To  NATIONAL GAS & Electric, LLC

Street and Apt. No.

City, State, ZIP+4

10/12/2018

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7015 1660 0000 4892 2658

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NATIONAL GAS + Electric, LLC
12140 Wickchester Lane
Suite 100
HOUSTON, Texas 2009

9590 9402 4371 8190 2511 35

2. Article Number (Transfer from service label)

7015 1660 0000 4892 2658

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                     10/15/18

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt

4

WRIT OF SUMMONS IN CIVIL ACTION
NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO
TO DEFENDANT(S): You are notified that the plaintiff(s)
has/have commenced an action against you which you are
required to Defend.

Michael McGeever, Director, Department of Court
Records

Date 10/7/2018

Returnable _____ 1/5/2019 _____

## WRIT OF SUMMONS IN CIVIL ACTION

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVAN

| Plaintiff(s)<br>**Aronson , Mark B** | Case Number :<br>GD – 18 – 012895 |
|---|---|
| | Type of pleading:<br>**PRAECIPE FOR WRIT OF SUMMONS** |
| | Filed on behalf of:<br>**Mark B Aronson**<br><br>**Mark B Aronson**<br>(Name of the filing party) |
| Vs<br>Defendant(s)<br>**National Gas & Electric LLC** | ☐ Counsel of Record<br><br>☒ Individual, If Pro Se |
| | Name, Address and Telephone Number :<br>**Mark B Aronson**<br>**2525 Greensburg Pike**<br>**Pittsburgh , PA 15221** |
| | Attorney's State ID: **PROSE** |



**Michael McGeever, Director, Department of Court**
**Records**

Subject:   **USPS® Item Delivered, Front Desk/Reception 70151660000048922658**
Date:      10/15/2018 5:01:50 PM Eastern Standard Time
From:      auto-reply@usps.com
To:        mba9999@aol.com

USPS Logo

Hello **National Gas**,

Your item was delivered to the front desk or reception area at 3:51 pm on October 15, 2018 in HOUSTON, TX 77079.

Tracking Number:
**70151660000048922658**

**Delivered, Front Desk/Reception**

&lt;Latest Displayable Event Description&gt;

Tracking & Delivery Options
My Account

Visit **USPS Tracking**® to check the most up-to-date status of your package. Sign up for **Informed Delivery**® to digitally preview the address side of your incoming letter-sized mail and manage your packages scheduled to arrive soon! To update how frequently you receive emails from USPS, log in to your **USPS.com** account.

Want regular updates on your package? **Set up text alerts**.

Image of Facebook social media icon
Image of Pinterest social icon.
Image of Youtube social media icon.
Image of Twitter social media con.

Download USPS Mobile®

# Exhibit A-5

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

MARK B. ARONSON,                     CIVIL DIVISION
                                     GENERAL DOCKET
      Plaintiff,
                                     Civil Action No. GD 18-012895
      vs.

NATIONAL GAS & ELECTRIC, LLC,

      Defendant.                  AMENDED COMPLAINT IN CIVIL
                                     ACTION

                                     Filed PROSE by

                                     Mark B. Aronson
                                     2525 Greensburg Pike
                                     Pittsburgh, PA 15221
                                     412 243-2224

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MARK B. ARONSON, | : CIVIL DIVISION |
| | : GENERAL DOCKET |
| Plaintiff. | : |
| | : |
| | : Civil Action No. GD 18- |
| vs | : 012895 |
| | : |
| NATIONAL GAS & ELECTRIC, LLC, | : |
| | : |
| Defendant. | : |

NOTICE TO DEFEND

You have been sued in court. If you wish to defend the claims set forth
in the following pages, you must take action within twenty (20) days
after this complaint and notice are served, by entering a written
appearance personally or by attorney and filing in writing with the
court your defenses or objections to the claims set forth against you.
You are warned that if you fail to do so the case may proceed without
you and a judgment may be entered against you by the court without
further notice for any money claimed in the complaint or for any relief
requested by the plaintiff. You may lose money or property or other
rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR
LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN
YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW
TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

LAWYER REFERRAL SERVICE
The Allegheny County Bar Association,
11th Floor Koppers Building
436 Seventh Avenue,
Pittsburgh, PA 15219
Telephone: (412) 261-5555

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MARK B. ARONSON, | : CIVIL DIVISION |
| | : GENERAL DOCKET |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : Civil Action No. GD 18- |
| | : 012895 |
| | : |
| NATIONAL GAS & ELECTRIC, LLC, | : |
| | : |
| Defendant. | : |

<u>AMENDED COMPLAINT IN CIVIL ACTION</u>

1. At all times material, Plaintiff was and is a resident of Allegheny County, Pennsylvania, and a residential customer of Duquesne Light Company at his condominium unit located at 2525 Greensburg Pike,  Borough of Churchill,  Pittsburgh, Pennsylvania 15221.

2. At all times material, Defendant was and is a registered, certified supplier of electric energy within the Commonwealth of Pennsylvania.

3. Defendant's offices are located in Houston, Texas 77009 at 12140 Wickchester Lane, Suite 100.

4. At all times material, Defendant solicits prospective subscribers in the Greater Pittsburgh area for its electric service by

telemarketing.

5. At all times material, Plaintiff subscribed from Verizon for two residential telephone lines, one of which was a dedicated facsimile line.

6. Plaintiff's residential telephone numbers are 412-243-2224 and 412-371-9787.

7. The subject matter of this Complaint in Civil Action is four pre-recorded unsolicited commercial telemarketing telephone calls placed to and received at Plaintiff's residential lines [i.e. the first received at 412-371-9787 at 5:57 P.M. on October 3, 2018 from spoofed telephone number 412-371-1932,  the second received at 412-371-9787 at 1:35 P.M. on October 4, 2018 from spoofed telephone number 412-371-6504, the third received at 412-243-2224 at 6:54 P.M. on October 4, 2018 from spoofed telephone number 412-206-4905, and the fourth received at 412-243-2224 on October 29, 2018 at 5:16 P.M. from spoofed telephone umber "+10000000000"].

8. These prerecord telephone calls were initiated by or upon behalf of Defendant intentionally, willfully and knowingly, for the purpose of soliciting Plaintiff to subscribe for residential electric service supplied by Defendant.

9. Each call was initiated to Plaintiff's residential telephone in

violation of the federal Telephone Consumer Protection Act as
amended, as is more fully discussed below.

10. As a result of Plaintiff's experiences with Defendant as set forth
above, Plaintiff believes and avers that it is the practice of
Defendant to ascertain during but before the end of each
telemarketing call initiated by or upon its behalf, whether the
party solicited by or upon behalf of Defendant qualifies to
purchase electricity supplied by Defendant, and if the called
party qualifies and so desires to become a customer of
Defendant, to have a return telephone call placed from
Defendant's telephone numbers [as per Plaintiff's telephone
Caller-ID] "SAYRE 570-731-0236" and "5-428-746-2555."

11. During the third prerecorded call to Plaintiff's residence, he
expressed an interest in subscribing for electric energy to be
supplied by Defendant to his residence.

12. He was provided with verification number 003194593; he
received a return call from Defendant at 7:27PM that evening.

13. Plaintiff applied for an account and was told that an account
would be set up for him with the information to be mailed to
him.

14. Plaintiff stated that he was going to be heading out of town and
requested the account registration documentation to be emailed

to him to his email address [mellon99@aol.com](mailto:mellon99@aol.com).

15. On October 5, 2018 at 11:32 A.M. Eastern Standard Time, he received an email at his email address [mellon99@aol.com](mailto:mellon99@aol.com) from [NG&E-Web-Enroll@NG&E.com](mailto:NG&E-Web-Enroll@NG&E.com) providing among other things "Confirmation #: 211089" and including the terms of service.

16. Plaintiff reviewed the Disclosure Statement and Terms of Service and determined that he could not agree to them because they required disputes to be decided by arbitration only, and because he would not be permitted to participate in any class action litigation.

17. Plaintiff telephoned Defendant's customer service department at 2:30 P.M. on October 5, 2018 and was transferred to an individual who processed Plaintiff's cancellation and provided him with a cancellation number.

18. On the fourth call, Plaintiff followed the prompt, and this resulted in Plaintiff conversing with a person who identified himself as Sean Wilson at Defendant.

19. There has been a mass shooting in Pittsburgh, Pennsylvania, on October 27, 2018 and Plaintiff had been heading out the door to attend a community-wide religious service, and he asked Mr. Wilson to call him the next day, which Mr. Wilson did

at 12:18 P.M.

20.  Mr. Wilson gave Plaintiff permission to record their conversation.

21.  It is the *initiation itself* of the prerecorded commercial telephone solicitation call itself that violates the TCPA.

22.  The ringing of the recipient's residential telephone is sufficient evidence that the offending call had been initiated, i.e. placed.

23.  The prerecorded commercial telephone call need not be answered at the recipient's residence.

24.  When a person receives a prerecorded commercial solicitation from a telemarketer on his/her residential telephone, the very instant that  he/she answers the telephone and hears words at the other end of the line,  the TCPA and case law provide that the initiator of the call and his principal, agents, servants and employees, if relevant, each become liable to the Plaintiff for the payment of statutory damages for violating the TCPA.

25.  If Defendant or its marketing agents recorded any of its prerecorded solicitations of Plaintiff, Defendant is requested to save the original audio media and any transcripts, so that Plaintiff can seek same in discovery.

7

26. The applicable law pertaining to private civil actions that may be filed for violation of the Regulations of the Federal Communication Commission resulting from a prerecorded unsolicited commercial telemarketing call to a residential telephone line has been promulgated  under 47 USC 227(b) and these sections of the Regulations: 47 CFR 64.1200(b)(1), 47 CFR 64.1200(b)(2), 47 USC 227(b)(3), and 47 CFR 64.1601(e)(i).

27. Each prerecorded incoming commercial telephone solicitation violated five sections of the TCPA in these particulars for the following reasons:

A. *Each call delivered a prerecorded message to Plaintiff residential telephone line using a prerecorded voice without Plaintiff's consent, in violation of 47 CFR 64.1200(a)(2):*

B. *Each call delivered a prerecorded message without providing sufficient information about the caller, in violation of 47 CFR 64.1200(b)(1);*

C. *Each call delivered a prerecorded message without providing a telephone number for the caller, in violation of 47 CFR 64.1200(b)(2);*

D. *Each call failed to provide caller identification*

*information that could be used to place a do-not-call request,*

*in violation of 47 CFR 64.1601(e)(i): and*

E. *Each* call violated the TCPA prohibition against

the spoofing of the "initiating" telephone

number.

28.  Your Honorable Court has subject matter

jurisdiction and personal jurisdiction over

Defendant, as per the opinions issued in these

two civil actions filed in Your Honorable Court

pertaining to private actions filed for money

damages for alleged violations of the TCPA:

Aronson v. Fax.Com, Inc., 149 P.L.J. 157,

51 Pa.D.& C.4th 421 (2001) and Abramson v. Royal

Holidays, LLC. et al, Civil Action No. AR05-008412.

29.  Under the TCPA, Plaintiff' is entitled to be awarded

the sum of five hundred dollars for each violation contained in

each incoming call [see Charvat v. Ryan et al, 1568 Ohio App.

3d 778, 2006-Ohio-3705] and the TCPA authorizes Your

Honorable Court to treble the sum of five hundred dollars to

*fifteen hundred dollars per violation* when the call had been willfully initiated. [See Aronson v. Florida Friendly Financial Services, LLC, Civil Action AR09-011559 of record in Your Honorable Court].

30.   There were 20 violations of the TCPA in the four above referenced telemarketing telephone solicitations.

31.   Twenty violations of the TCPA, each entitling Plaintiff to claim and enabling Your Honorable Court to award statutory damages  in the amount of fifteen hundred dollars, amounts to $30,000.00.

32.   In addition to the allegations set forth above,  Plaintiff had given formal notice to defendant that he did not want defendant to telemarket him, and he had provided his name, address and telephone numbers to Defendant as of October 15, 2018 by service of the original Complaint in Civil Action upon Defendant.

33.   The applicable law pertaining to private civil actions that may be filed for violation of the Regulations of the Federal Communication Commission pertaining to "Do-Not-Call" requests made to a telemarketer by the recipient of an unsolicited commercial telemarketing call received at the

recipient's residential telephone line is promulgated under 47

USC 227(b), 227(c)5) , its Regulations, and see also and these

sections of the Regulations: 47 CFR 64.1200(b)(1), 47 CFR

64.1200(b)(2), 47 USC 227(b)(3),  and 47 CFR 64.1601(e)(i)

34.  Section 227(c)(5) of the TCPA creates this private right of

action and provides in part for violations of the FCC regulations

promulgated under section 227(c)(2): "(5) Private right of action

"A person who has received more than one telephone call

within any 12-month period by or upon behalf of the same entity

in violation of the regulations prescribed under this subsection

may, if otherwise permitted by the laws or rules of court of a

State bring in an appropriate court of that State- "(B) an action

to recover . . . " monetary damages for each violation as set out

in the TCPA and the Regulations.

35.  It is the case law of Allegheny County, Pennsylvania, as set out

in a certain opinion authored by Hon. R. Stanton Wettick, Jr.

and filed of record on March 24, 2005 at Civil Action Number

AR04 - 004777 that the party upon whose behalf the live call

has been placed has a reasonable time to comply with the

subscriber's request to be placed on its do-not-call list.

36. This interpretation of the scope of the TCPA private remedy is consistent with Worsham v. Nationwide Insurance Co., 772 A. 2d 868 (Md. Ct. Spec. App. 2011) and cases cited therein.

37. The fourth telemarketing call, made by or upon behalf of the Defendant was knowingly and intentionally placed.

38. Defendant had had 14 days time to remove Plaintiff's name and residential telephone numbers between October 15 and October 29 , 2018.

39. Under the TCPA, and applicable Regulations, Plaintiff is entitled to be awarded for the subject prerecorded fourth incoming telemarketing telephone call received after Defendant and its marketing agents had had enough time to remove Plaintiff's name and residential telephone number from its database, the sum of five hundred dollars for each violation [see Charvat v. Ryan et al, 1568 Ohio App. 3d 778, 2006-Ohio- 3705] and the TCPA authorizes Your Honorable Court to treble the sum of five hundred dollars to fifteen hundred dollars per violation when the call had been willfully placed.

40. Therefore, Plaintiff has standing to seek statutory

damages in an additional amount of $1500.00 for this telemarketing call.

41.    The authorized federal statutory damages which Plaintiff has the right to assert as result of the evets set forth above is thirty-one thousand five hundred dollars.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant in the amount of thirty-one thousand five hundred ($31,500.00) dollars which amount is within the jurisdiction of the Arbitration Division of Your Honorable Court, and he demands costs as per Local Rule of Court 253 which is cited at the end of this Amended Complaint.

Respectfully submitted,


Mark B. Aronson, Plaintiff

**VERIFICATION**

**AND NOW this 1st  day of November 2018 comes Mark B. Aronson, Plaintiff PROSE, pursuant to 18  PA C S Section 4904, and verifies to the best of his knowledge, information and belief that the facts set forth in the foregoing AmendedComplaint in Civil Action are true and correct.**

**s/ Mark B. Aronson**

## LOCAL RULE 253 ON COSTS UPON SETTLEMENT

(1) Costs After Judgment.

Costs shall be taxed by the Prothonotary. Objections shall be presented to the Motions Judge or, if the case was tried, to the Trial Judge.

(2) Costs After Settlement.

In Civil Division cases, absent an agreement to the contrary at the time of a settlement requiring the payment of monetary damages, the paying party or parties shall reimburse the recipient the record costs incurred by that party.  Where there are multiple payors, the reimbursement of record costs shall be prorated.

# Exhibit A-6

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

MARK B. ARONSON,                    CIVIL DIVISION
                                    GENERAL DOCKET
        Plaintiff,
                                    Civil Action No. GD 18-012895
        vs.

NATIONAL GAS & ELECTRIC, LLC,

        Defendant.                  TYPE OF PLEADING"
                                    Verification of Service of
                                    AMENDED COMPLAINT on
                                    November 1, 2018


                                    Filed PROSE by

                                    Mark B. Aronson
                                    2525 Greensburg Pike
                                    Pittsburgh, PA 15221
                                    412 243-2224

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MARK B. ARONSON, | : CIVIL DIVISION |
| | : GENERAL DOCKET |
| Plaintiff. | : |
| | : |
| | : Civil Action No. GD 18- |
| vs | : 012895 |
| | : |
| NATIONAL GAS & ELECTRIC, LLC, | : |
| | : |
| Defendant. | : |

VERIFICATION OF SERVICE

AND NOW this 1st day of November 2018 comes Mark B. Aronson, Plaintiff PROSE, who verifies to the best of his knowledge, information and belief and as is evidenced by the page which follows that today, November 1, 2018, he served a duplicate original of his Amended Complaint upon Defendant by email to Defendant's Counsel, Attorney Ezra Church at the Morgan Lewis Law Firm in Philadelphia, Pennsylvania.

s/ Mark B. Aronson

2

Subject:      Re: Aronson v. National Gas & Electric, LLC, CCP Allegheny
County, Civ. Action No. GD 18-012895
Date: 11/1/2018 11:49:42 AM Eastern Standard Time
From:      mba9999@aol.com
To:    ezra.church@morganlewis.com
Sent from the Internet (Details)

Hi Ezra:

Thank you very much for your email. I have electronically submitted
my Amended Complaint for filing.
My letter to you and the Amended Complaint are both attached.

Are you aware that I had faxed the Law Department several times
starting October 29?

Sincerely,

Mark

In a message dated 11/1/2018 11:23:50 AM Eastern Standard Time,
ezra.church@morganlewis.com writes:

Mark-

Following up on our discussion this morning, I represent National Gas

3

& Electric ("NGE") in the above litigation.  As discussed, I understand that you will agree to an extension of the time for NGE to respond or otherwise plead through and until Nov. 14, 2018 (when NGE expects to remove the case to federal court).  In addition, I understand that you intend to file an amended complaint, and this confirms that I am authorized to accept service of the amended complaint.


Regards,


Ezra


Ezra D. Church, CIPP
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Email: ezra.church@morganlewis.com

Direct: +1.215.963.5710 | Cell: +1.215.421.0399 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
www.morganlewis.com


DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

4

# Exhibit A-7

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

MARK B. ARONSON,                    CIVIL DIVISION
                                    GENERAL DOCKET
    Plaintiff,
                                    Civil Action No. GD 18-012895
    vs.

NATIONAL GAS & ELECTRIC, LLC,

    Defendant.                   TYPE OF PLEADING"

                                    REQUEST FOR PRODUCTION
                                    OF DOCUMENTS


                                    Filed PROSE by

                                    Mark B. Aronson
                                    2525 Greensburg Pike
                                    Pittsburgh, PA 15221
                                    412 243-2224

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

MARK B. ARONSON,              : CIVIL DIVISION
                                      : GENERAL DOCKET
      Plaintiff.                    :
                                        :
                                        : Civil Action No. GD 18-
      vs                          : 012895
                                        :
NATIONAL GAS & ELECTRIC, LLC,     :
                                        :
      Defendant.                  :

REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to the provisions of Pennsylvania Rules of Civil Procedure 4009.1, et seq, Plaintiff hereby makes 12 requests of each Defendant  [set forth below the INSTRUCTIONS AND DEFINITIONS] to produce for inspection and copying the designated documents at 2525 Greensburg Pike, Pittsburgh, County of Allegheny, PA 15221 within forty-five (45) days after service of this request:

INSTRUCTIONS AND DEFINITIONS

      A.      The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or translations of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media.  Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not part of the original text, is to be considered a separate document.

2

B.     References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

C.     "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D.     "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E.     "Identify" or "identification," when used with respect to a document, means to state the general nature of the document (i.e., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

F.     "Communication" includes every manner of means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G.     "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; th type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

H.     "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

I.     All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced.  Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

J.     To the extent any paragraph is objected to, please set forth all reasons for your objection.

K.     If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

L.     Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

M.     The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders.  The past tense includes the present tense where the clear meaning is not distorted by change of tense.

N.     To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

O.     "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

P.     If you are producing a document, you need not provide the information specified in Paragraph E with respect to that document.

Q.     If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

DOCUMENTS REQUESTED

1.     All documents that mention or pertain to the plaintiff or to telephone numbers 412-243-2224 and 412-371-9787 or any symbol, number or other designation that is associated with Plaintiff. (Plaintiff agrees to keep these materials confidential.)

RESPONSE:

2.     A copy of the script for any message used during any call to telephone numbers 412-243-2224 or 412-371-9787 on October 3, 2018, October 4, 2018 and October 29, 2018.

RESPONSE:

3.     A copy of the actual recording for any message used during any call to telephone numbers 412-243-2224 on October 3, 2018, October 4, 2018 and October 29, 2018.

RESPONSE:

4.     A description of the equipment used to initiate each telephone call identified in the Complaint in Civil Action.

        RESPONSE:

5.     Any insurance policies covering you for the claims alleged in Plaintiff's Complaint in Civil Action.

        RESPONSE:

6.     Any insurance policies covering you for general liability.

        RESPONSE:

7.     Produce any notices that you have given any insurer regarding plaintiff's claim.

        RESPONSE:

8.     All documents (irrespective of date) relating to any claim made against you for violating any telemarketing law regulating telemarketing practices, or of committing a tort while engaging in telemarketing activities.

        RESPONSE:

9.     All documents (irrespective of date) which constitute or reflect communications between you and the Office of Attorney General of the Commonwealth of Pennsylvania or any other law enforcement, consumer protection or regulatory agency, relating to telemarketing activities of your business.

        RESPONSE:

10.    All documents (irrespective of date) that discuss your compliance of lack of compliance with the Pennsylvania Telemarketer Registration Act, 73 P.S. sections 2241-2249.

        RESPONSE:

11.    All contracts and/or contract related documents in effect on October 3, 3018,  October 4, 2018 and October 29 and 30, 2018 between you and each, any and every marketing company,

service, agent, etc.

        RESPONSE:

12.   All documents evidencing compliance with Commonwealth of Pennsylvania registration and telemarketing laws.

        RESPONSE:

                        Respectfully Submitted,

Date: November 1, 2018        Mark B. Aronson,
Plaintiff

# Exhibit A-8

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

MARK B. ARONSON,                CIVIL DIVISION
                                            GENERAL DOCKET

      Plaintiff,

                                             Civil Action No. GD 18-012895

      vs.

NATIONAL GAS & ELECTRIC, LLC,    VERIFICATION OF SERVICE OF
                                            SECOND AMENDED
      Defendant.                    COMPLAINT IN CIVIL ACTION

                                            Filed PROSE by

                                            Mark B. Aronson
                                            2525 Greensburg Pike
                                            Pittsburgh, PA 15221
                                            412 243-2224

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MARK B. ARONSON, | : CIVIL DIVISION |
| | : GENERAL DOCKET |
| Plaintiff. | : |
| | : |
| | : Civil Action No. GD 18- |
| vs | : 012895 |
| | : |
| NATIONAL GAS & ELECTRIC, LLC, | : |
| | : |
| Defendant. | : |

## VERIFICATION OF SERVICE OF SECOND AMENDED COMPLAINT

AND NOW THIS 1st day of November 2018 comes Mark B. Aronson pursuant to 18 PA CS Section 4904 and verifies to the best of his knowledge, information and belief, and as evidenced by the next page, that he served Defendant by email service upon Defendant's counsel.

s/   Mark B. Aronson

2

Subject: Mark Aronson v National Gas & Electric LLC GD18-012895
Date: 11/1/2018 4:27:52 PM Eastern Standard Time
From: mba9999@aol.com
To: ezra.church@morganlewis.com
Sent from the Internet (Details)


Ezra, I wanted this to reach you before your client may remove this
civil action to federal court.

You as counsel for the Defendant are hereby served with a duplicate
original of the Second Amended Complaint.

which is attached to this email.


Sincerely,

Mark Aronson
Plaintiff PROSE

# Exhibit A-9

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

MARK B. ARONSON,             CIVIL DIVISION
                                    GENERAL DOCKET
       Plaintiff,

                                    Civil Action No. GD 18-012895
       vs.

NATIONAL GAS & ELECTRIC, LLC,

       Defendant.                  TYPE OF PLEADING"

                                    VERIFICATION OF SERVICE OF
                                    REQUEST FOR PRODUCTION OF
                                    DOCUMENTS on November 1, 2018

                                    Filed PROSE by

                                    Mark B. Aronson
                                    2525 Greensburg Pike
                                    Pittsburgh, PA 15221
                                    412 243-2224

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MARK B. ARONSON, | : CIVIL DIVISION |
| | : GENERAL DOCKET |
| Plaintiff. | : |
| | : |
| | : Civil Action No. GD 18- |
| vs | : 012895 |
| | : |
| NATIONAL GAS & ELECTRIC, LLC, | : |
| | : |
| Defendant. | : |

VERIFICATION OF SERVICE

AND NOW this 1st day of November 2018 comes Mark B. Aronson, Plaintiff PROSE, who verifies to the best of his knowledge, information and belief and as is evidenced by the page which follows that today, November 1, 2018, he served a duplicate original of his Request for Production of Documents upon Defendant by email to Defendant's Counsel, Attorney Ezra Church at the Morgan Lewis Law Firm in Philadelphia, Pennsylvania.

s/ Mark B. Aronson

Subject:    Mark Aronson v National Gas & Electrtic, LLC
Date: 11/1/2018 12:42:09 PM Eastern Standard Time
From:       mba9999@aol.com
To:    ezra.church@morganlewis.com
Sent from the Internet (Details)


Hi again Ezra:

The Office of Court Records has accepted my filing of my Amended Complaint and has spread it on the docket.

Next, I have electronically submitted my Requests  for Production of Documents, a duplicate original of which is attached to this email.

I look forward to an amicable settlement.

Sincerely,

Mark B. Aronson
Plaintiff PROSE

# Exhibit A-10

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

MARK B. ARONSON,

      Plaintiff,

      vs.

NATIONAL GAS & ELECTRIC, LLC,

      Defendant.

CIVIL DIVISION
GENERAL DOCKET

Civil Action No. GD 18-012895

SECOND AMENDED
COMPLAINT IN CIVIL ACTION

Filed PROSE by

Mark B. Aronson
2525 Greensburg Pike
Pittsburgh, PA 15221
412 243-2224

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MARK B. ARONSON, | : CIVIL DIVISION |
| | : GENERAL DOCKET |
|     Plaintiff. | : |
| | : |
| | : Civil Action No. GD 18- |
|     vs | : 012895 |
| | : |
| NATIONAL GAS & ELECTRIC, LLC, | : |
| | : |
|     Defendant. | : |

NOTICE TO DEFEND


You have been sued in court. If you wish to defend the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

        LAWYER REFERRAL SERVICE
        The Allegheny County Bar Association,
        11th Floor Koppers Building
        436 Seventh Avenue,
        Pittsburgh, PA 15219
        Telephone: (412) 261-5555

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MARK B. ARONSON, | : CIVIL DIVISION |
| | : GENERAL DOCKET |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : Civil Action No. GD 18- |
| | |
| | : 012895 |
| | : |
| NATIONAL GAS & ELECTRIC, LLC, | : |
| | : |
| Defendant. | : |

SECOND AMENDED COMPLAINT IN CIVIL ACTION

1. At all times material, Plaintiff was and is a resident of Allegheny County, Pennsylvania, and a residential customer of Duquesne Light Company at his condominium unit located at 2525 Greensburg Pike, Borough of Churchill,  Pittsburgh, Allegheny County, Pennsylvania 15221.

2. At all times material, Defendant was and is a registered, certified supplier of electric energy within the Commonwealth of Pennsylvania.

3. Defendant's offices are located in Houston, Texas 77009 at 12140 Wickchester Lane, Suite 100.

4. Plaintiff hereby incorporates by reference into this Complaint the entire Amended Complaint filed of record as though the same

were to be repeated at length herein.

COUNT ONE: CLAIM UNDER THE FEDERAL TCPA

WHEREFORE, Plaintiff demands judgment in his favor and
against Defendant in the amount of $31,500.00 which amount is
not in excess of the monetary jurisdiction of the Arbitration Division
of Your Honorable Court, and he seeks reimbursement of court
costs of record pursuant to Local Rule 253 reproduced as the last
page of this document.

COUNT TWO: CLAIM UNDER

TWO PENNSYLVANIA STATUTES

5. The TELEMARKETER REGISTRATION ACT, Act 147 of 1996;
73 P.S. §§ 2241 – 2249, 73 P.S. §§ 2241 – 2249, provides among
other things that a violation of the Federal TCPA is a violation of
this Act, and at § 2246. Violations  (a) Other law.—[that] A violation
of this act is also a violation of the act of December 17, 1968,
known as the Unfair Trade Practices and Consumer Protection
Law.

6. The Amended Complaint alleges 21 violations of the TCPA.

7. The Unfair Trade Practices and Consumer Protection Law,  73

§201-9.2. states among other things

Private actions

a) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or person, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

8.  The United States District Court for the Western District of Pennsylvania has held among other things in the case <u>Mark B. Aronson vs. Creditrust Corporation et al</u>, Ambrose J, 7 F Supp 2nd 589, (WD Pa 1998), that the clause "The court may award to the plaintiff, in addition to other relief provided in this section…" also includes an award of punitive damages.

9…Plaintiff has the right to seek statutory damages in the amount

of $100.00 per violation for each of the 21 violations, plus punitive

damages, costs and attorneys fees.

WHEREFORE, Plaintiff demands compensatory damages and

punitive damages in his favor and against Defendant in an amount

within the jurisdiction of the Arbitration Division of Your Honorable

Court.

Respectfully submitted,

Mark B. Aronson, Plaintiff PROSE

**VERIFICATION**

**AND NOW this 1st day of November 2018 comes Mark B. Aronson, Plaintiff PROSE, pursuant to 18  PA C S Section 4904, and verifies to the best of his knowledge, information and belief that the facts set forth in the foregoing Second Amended Complaint in Civil Action are true and correct.**

**s/ Mark B. Aronson**

## LOCAL RULE 253 ON COSTS UPON SETTLEMENT

(1) Costs After Judgment.

Costs shall be taxed by the Prothonotary. Objections shall be presented to the Motions Judge or, if the case was tried, to the Trial Judge.

(2) Costs After Settlement.

In Civil Division cases, absent an agreement to the contrary at the time of a settlement requiring the payment of monetary damages, the paying party or parties shall reimburse the recipient the record costs incurred by that party.  Where there are multiple payors, the reimbursement of record costs shall be prorated.